# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                                        )
FREEDOM WATCH,                                          )
                                                        )
          Plaintiff,                )
                                                        )
    v.                                  )      Civil Action No. 16-2320 (CKK)
                                                        )
BUREAU OF LAND MANAGEMENT                                )
and U.S. DEPARTMENT OF JUSTICE,                          )
                                                        )
         Defendants.               )
_____ )

## FBI'S STATUS REPORT AND PROPOSED SCHEDULE

Pursuant to the Court's April 12, 2017 Order, the Federal Bureau of Investigation ("FBI"), by and through its undersigned counsel, respectfully submits this status report and proposed schedule for its processing of the at least 250,000 pages of documents responsive to Plaintiff's FOIA request seeking 22 broad categories of records concerning, *inter alia*, Cliven Bundy; the criminal prosecutions of Cliven Bundy, Ammon Bundy, and "others"; Senator Harry Reid; and Rory Reid, Senator Reid's son, from a time period dating at least as far back as 2010.

FBI began by processing public source documents in files likely to contain such information and, to date, has made two releases totaling approximately 1,000 pages.  Specifically, FBI released approximately 512 pages on March 31, 2017, and approximately 500 pages on May 1, 2017.  FBI anticipates making a third release of approximately 500 pages on May 31, 2017.  FBI is nearing completion of the processing of these readily identifiable public source materials and estimates that it will complete its processing of these documents on or before June 30, 2017.

Although the hundreds of thousands of pages potentially responsive to the request that still need to be processed may include additional non-exempt public source documents, FBI believes

it would be inefficient to attempt to segregate those materials from the remainder of the documents because such materials are comingled with other records, and attempting such a segregation would unnecessarily extend what is already going to be a very lengthy process. Therefore, FBI proposes that it process all of the remaining documents at the rate of 500 pages per month and release to Plaintiff responsive, non-exempt records and segregable portions of records that FBI identifies in that process.[1] With each of the periodic releases FBI also proposes to notify Plaintiff of the number of processed pages it has withheld in whole or in part and the basis for any withholdings. This Court has previously approved similar processing schedules on numerous occasions. *See*, *e.g.*, *Cruz v. Exec. Office for U.S. Attorneys*, 15-cv-1977 (RMC) (D.D.C.); *Farahi v. Federal Bureau of Investigation*, 15-cv-2122 (RBW) (D.D.C.); *Leopold v. Dep't of Justice*, 14-cv-327 (APM) (D.D.C.).[2]

Considering the significant volume of documents to be processed, FBI informs undersigned counsel that it will take at least 500 months to complete its entire production of responsive documents under FBI's standard document-by-document, page-by-page processing

---

[1] As FBI has previously noted, it estimates that the responsive documents contain a substantial amount of documents compiled for law enforcement purposes that are exempt from production pursuant to Exemption 7(A). FBI further notes that due to the ongoing criminal prosecutions of Cliven Bundy and 17 co-defendants in the United States District Court for the District of Nevada (*see United States v. Bundy, et. al.*, 16-cr-00046 (D. Nev.)), it is possible that certain files may be temporarily inaccessible or FBI may otherwise be unable to process documents pursuant to this proposed schedule. In the event that occurs, FBI will make an appropriate motion for a stay.

[2] FBI is aware that this Court has granted in some instances, and denied in others, FBI's request that it be permitted to seek summary judgment based on the applicability of Exemption 7(A) without waiving any allegation or claim that the records are exempt from release for other reasons as well. *See, e.g., Leopold, et. al v. Dep't of Justice, et. al*, 16-cv-1827 (KBJ) (D.D.C.) (April 7, 2017 Minute Order granting FBI's request); *Farahi v. Federal Bureau of Investigation*, 15-cv-2122 (RBW) (D.D.C.) (Jan. 23, 2017 Order denying FBI's request). If the Court were to permit FBI to proceed in that manner here, FBI has advised undersigned counsel that it estimates that the time needed to process the material on a document-by-document basis would be cut approximately in half.

technique proposed above.  In light of this lengthy period, FBI stands ready, willing, and able to consider and apply any reasonable limitations on the scope of Plaintiff's significantly broad request.  Additionally, due to the large volume of documents and the length of time required to process them under its standard approach, FBI is currently exploring alternative methods of streamlining this extensive process in a manner that permits it to more quickly complete its processing while still meeting its obligations under the FOIA.  Although FBI has not yet identified such a method, FBI respectfully requests that it be permitted to further update the Court concerning those efforts on or before June 30, 2017.

Dated:  May 31, 2017

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar No. 415793
United States Attorney

DANIEL F. VAN HORN, D.C. Bar No. 924092
Chief, Civil Division

*/s/ Melanie D. Hendry*
Melanie D. Hendry
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2510
melanie.hendry2@usdoj.gov

*Counsel for Defendants*

OF COUNSEL:

Jonathan Fleshner, Esq.
Assistant General Counsel
Federal Bureau of Investigation
935 Pennsylvania Avenue NW
Washington, D.C. 20535
(202) 324-4964
jonathan.fleshner@ic.fbi.gov

3