UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
FREEDOM WATCH,                          )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  )    Civil Action No. 16-2320 (CKK)
                                        )
BUREAU OF LAND MANAGEMENT               )
and U.S. DEPARTMENT OF JUSTICE,         )
                                        )
            Defendants.                 )
_____)

**Defendants' Opposition to Plaintiff's Motion for Clarification and Reconsideration of Court's Minute Order of June 30, 2017 and Motion to Shorten Time for Defendants to Respond and Defendants' Proposed Schedule for Processing Plaintiff's Modified FOIA Request**

In its Motion for Clarification and Reconsideration of Court's Minute Order of June 30, 2017 and Motion to Shorten Time for Defendants to Respond (Dkt. No. 34) ("Plaintiff's Motion"), Plaintiff Freedom Watch ("Plaintiff") asks the Court both to disregard the firmly-established principle that discovery in FOIA cases is exceedingly rare and only available in those instances where, unlike here, the plaintiff has made a compelling showing of bad faith on the part of the agency and to order expedited processing of its FOIA request notwithstanding Plaintiff's failure to demonstrate the need for such an extraordinary approach. Additionally, by way of this motion, Plaintiff has, for the first time, limited its exceedingly broad 22 category FOIA request to a somewhat narrower request for: "[1] documents that relate to the criminal prosecution of Cliven Bundy; [2] plans, efforts, strategies and implementation of the criminal prosecution of Cliven Bundy; [3] documents related to Senator Harry Reid and his alleged real estate purchase deals;

[and 4] documents that relate to the Bureau of Land Management's plan to take physical possession of custody of Cliven Bundy's cattle within Clark County."

For the reasons detailed below, Plaintiff's requests for discovery and expedited processing should be denied. Additionally, in light of Plaintiff's modification of its FOIA request, the volume of potentially responsive documents and, consequently, the time Defendants will need to process them, has been reduced considerably. Defendants, therefore, respectfully propose that they complete their processing pursuant to the schedule set forth in Section III below.

**I.   Plaintiff's Request for Discovery Should Be Denied**

As this Court explained when denying Plaintiff's request for discovery in Plaintiff's earlier action concerning a previous FOIA request for documents concerning Cliven Bundy, "[i]n FOIA cases, discovery is both rare and disfavored." *Freedom Watch v. Bureau of Land Management*, 220 F. Supp. 3d 65, 68 (D.D.C. 2016). Discovery is only warranted in those limited instances where, unlike here, the plaintiff makes a clear and definitive showing of bad faith on the part of the agency. *See*, *e.g.*, *id.*; *Freedom Watch, Inc. v. National Security Agency*, 197 F. Supp. 3d 165, 176-77 (D.D.C. 2016) (rejecting the same Plaintiff's request for discovery based, as here, upon Plaintiff's unsubstantiated, conclusory, self-serving claims).[1]

Plaintiff claims it is entitled to discovery because it contends that the FBI has acted in "bad faith" by producing public source materials and proposing a schedule for the processing of the at

---

[1] Plaintiff has not cited a single case where discovery was permitted in cases such as this where the agencies are still processing the request and there has been absolutely no showing of bad faith. Rather, Plaintiff relies on *Judicial Watch, Inc. v. United States Dep't of Commerce*, 127 F. Supp. 2d 228 (D.D.C. 2000), *Weisberg v. United States Dep't of Justice*, 627 F.2d 365 (D.C. Cir. 1980), and *Pennsylvania Dep't of Public Welfare v. United States*, 1999 U.S. Dist. LEXIS 17978 (W.D. Pa. Oct. 12, 1999), three cases involving dramatically different circumstances where limited discovery was granted *after* the agency completed its processing and production of responsive documents and the Court concluded that the

least 250,000 pages of documents responsive to Plaintiff's original 22 category request that Plaintiff has concluded is unreasonable. However, neither of these actions demonstrate any bad faith on the part of the FBI. First, from the outset, the FBI has explained that the documents responsive to Plaintiff's FOIA request include substantial amounts of public source material. *See*, *e.g.*, Feb. 28, 2017 Joint Status Report (Dkt. No. 12), at p. 2 ("FBI further estimates that the potentially responsive documents include more than 600 pages of public source documents."); Transcript of March 16, 2017 Status Conference (Dkt. No. 18), at pp. 37-38 (noting that the responsive documents include large amounts of "documents in FBI possession, [that] have been gathered from public sources" and citing as examples news reports and other publicly available materials); April 3, 2017 Status Report and Proposed Schedule (Dkt. No. 19), at p. 2 ("FBI proposed that it would complete the processing of public source documents at the rate of 500 pages every 30 days, and further noted that by May 31, 2017, it anticipated that it would be able to estimate the amount of time needed to complete the processing of all of the remaining potentially responsive documents."). The FBI also explained that it would begin its processing with the public source material and has fully complied with the Court's orders directing the FBI to make rolling productions of public source documents at the rate of 500 pages per month. *See*, *e.g.*, *id.*; April 12, 2017 Order (Dkt. No. 21) ("FBI shall continue to make rolling productions of public source documents at the rate of 500 pages every 30 days.").

Tellingly, Plaintiff neither noted in its FOIA request that it was not seeking public source documents nor modified its FOIA request to exclude public source materials. *See* Exhibit A (FOIA

---

agencies' declarations in support of their summary judgment motions were deficient. That, of course, differs considerably from this case where the agencies are still actively processing Plaintiff's FOIA request.

Request) (requesting the production of "all documents" concerning the 22 categories listed in the request).  Nor did Plaintiff object to the FBI's court-approved proposal to first process and release the non-exempt public source materials before beginning the processing of the remaining hundreds of thousands of pages of potentially responsive documents.  Plaintiff cannot now contend that the FBI's reasonable, appropriate, and court-sanctioned method of first processing public source material, to which it did not previously object, somehow demonstrates bad faith on the part of the FBI.

Plaintiff's claim that the FBI's proposed production schedule demonstrates bad faith is also wholly without merit.  Indeed, as has been its consistent practice throughout this case, and in direct contravention of the Court's repeated admonition that "absent objective evidence, it will not countenance 'Plaintiff's generalized and unsubstantiated claims of misconduct," *see*, *e.g.*, May 15, 2017 Memorandum Opinion and Order (Dkt. No. 29), at p. 2; June 13, 2017 Minute Order, yet again that is all Plaintiff presents in support of its claim that the FBI proposed the processing schedule in bad faith.  The FBI based its proposed schedule on the tremendous volume of responsive documents (which number in the hundreds of thousands of pages), the resources available to the FBI devote to the processing of the potentially responsive documents, and Plaintiff's refusal, until this motion, to narrow the request in any way.[2]  The Court has already

---

[2] Although Plaintiff now claims that it previously limited its extraordinarily broad FOIA request, the record clearly demonstrates that was not the case. Contrary to Plaintiff's claim, during the March 16, 2017 status conference before the Honorable Ketanji Brown Jackson, although Plaintiff prioritized the order in which it preferred that Defendants process the 22 categories of documents contained within the request, Plaintiff offered no limitation whatsoever of the request.  *See* Transcript, Dkt. No. 18, pp. 19-20, 31, 53-54. Additionally, even as recently as June 2017, Plaintiff still had in no way narrowed or limited its request. *See*, *e.g.*, June 13, 2017 Minute Order (noting that the Court was "amenable to receiving reasonable proposals from Plaintiff to expedite the production of responsive materials (e.g., by limiting the scope of its requests)"); June 30, 2017 Minute Order (interpreting Plaintiff's June 26, 2017 Motion for Reconsideration as "the beginnings" of such a proposal).

rejected Plaintiff's claim that the FBI's proposed schedule for the processing of Plaintiff's voluminous request demonstrated bad faith. *See* June 30, 2017 Minute Order ("Plaintiff claims that Defendants have demonstrated bad faith by proposing a 500 month release schedule. The Court disagrees.").

For the foregoing reasons, Plaintiff has failed to demonstrate that Defendants have in any way acted in bad faith. Consequently, this case is clearly not one of the extraordinary FOIA cases in which discovery is necessary or warranted. Therefore, Plaintiff's request for discovery should be denied.

## II. Plaintiff's Request for Expedited Processing Should Be Denied

In support of its claimed entitlement to expedited processing notwithstanding its failure to request it when it submitted the FOIA request, Plaintiff simply repeats the same argument that has already been rejected by this Court on multiple occasions. Specifically, Plaintiff again contends that expedited processing is warranted because of the ongoing criminal proceedings against Cliven Bundy. However, the Plaintiff in this case is not Cliven Bundy. Rather, it is Freedom Watch, which describes itself as "a 501(c)(3), non-profit, public interest foundation." *See* Complaint (Dkt. No. 1), at ¶ 3. Although Plaintiff's counsel sought *pro hac* vice admission so he could appear as counsel for Cliven Bundy, that request was denied because:

> [Plaintiff's counsel] is involved in an ethics proceeding before the
> District of Columbia Bar,[3] and he was not candid with the court
> about the status of those proceedings; he disclosed that he was twice

---

[3] The last publicly available information concerning the ethics proceedings before the District of Columbia Court of Appeals Board on Professional Responsibility is a June 19, 2017 Report and Recommendation recommending that Plaintiff's counsel "be suspended from the practice of law for 90 days with readmission upon showing his fitness to practice law." *See In the Matter of Larry E. Klayman*, District of Columbia Court of Appeals Board on Professional Responsibility Hearing Committee Number Nine Report and Recommendation, available at http://www.dcbar.org/discipline/hearing_committee/ HCLarryEKlayman04808.pdf.

>barred *in perpetuity* from appearing *pro hac vice* before judges in the Central District of California and the Southern District of New York, but he failed to list numerous cases – all available on Westlaw or LEXIS – in which he has been reprimanded, denied *pro hac vice* status, or otherwise sanctioned for violating various local rules. . . .

*In re Bundy*, 840 F.3d 1034, 1035-36 (9th Cir. 2016).

Notwithstanding the fact that Plaintiff's counsel does not represent Cliven Bundy in the criminal case, Plaintiff contends that it is entitled to expedited processing of its request because "Freedom Watch's ability to provide potentially exculpatory and other relevant documents to Cliven Bundy and his attorneys will be severely harmed." *See* Plaintiff's Motion (Dkt. No. 34), at p. 5. However, as this Court has consistently explained, to the extent Cliven Bundy or his attorneys believe they need assistance with obtaining documentation relevant to the criminal case, the appropriate recourse is an application to the judge presiding over the criminal case. *See*, *e.g.*, Transcript of March 16, 2017 Status Conference (Dkt. No. 18), at p. 14 ("[Y]our best shot at getting them quickly is through the criminal process. If you say that these documents are necessary to defend these people in the context of a criminal case, if that argument is put before the judge, that's going to be the best avenue for getting the information that you need."); May 15, 2017 Memorandum Opinion and Order (Dkt. No. 29), at pp. 2-3 ("To the extent Mr. Bundy believes that the government has withheld pertinent materials in his criminal case, the most direct and appropriate means for Mr. Bundy to obtain those materials is to seek relief before the district court judge adjudicating that matter. . . .Here, Plaintiff has not justified putting its requests above others.").

Thus, in its most recent motion, Plaintiff offers no justification for expedited processing beyond what it has already unsuccessfully argued. In each instance, the Court has concluded that

expedited processing is not warranted. Here, too, the result should be the same, and Plaintiff's request for expedited processing should be denied.

### III. Defendants' Proposed Processing Schedule

In addition to seeking discovery and expedited processing, Plaintiff has also, for the first time, narrowed the scope of its FOIA request. In light of this modification, Defendants respectfully propose the following schedules to complete processing of Plaintiff's modified FOIA request which Plaintiff has now limited to: "[1] documents that relate to the criminal prosecution of Cliven Bundy; [2] plans, efforts, strategies and implementation of the criminal prosecution of Cliven Bundy; [3] documents related to Senator Harry Reid and his alleged real estate purchase deals; [and 4] documents that relate to the Bureau of Land Management's plan to take physical possession of custody of Cliven Bundy's cattle within Clark County" (the "Modified FOIA Request").

#### a. BLM's Proposed Schedule

BLM currently estimates that there are approximately 20,000 pages of documents that are potentially responsive to the Modified FOIA Request which must be reviewed and processed to determine whether they are, in fact, responsive, and whether any FOIA exemptions apply. BLM has advised the undersigned that it anticipates that it can process 1,000 pages per month. Therefore, BLM estimates that it can complete its processing within approximately 20 months.

#### b. FBI's Proposed Schedule

FBI currently estimates that there are approximately 100,000 pages of documents that are potentially responsive to the Modified FOIA Request which must be reviewed and processed to determine whether they are, in fact, responsive, and whether any FOIA exemptions apply. FBI has advised the undersigned that it anticipates that it can process 500 pages per month. Therefore,

7

FBI estimates that it can complete its processing within approximately 17 years, as opposed to the approximately 42 years needed to process the previously unmodified request. Alternatively, the FBI has advised the undersigned that the time required to process the documents could be reduced even further – to approximately 7 years – if it is permitted to seek summary judgment based on the applicability of Exemption 7(A) without waiving any allegation or claim that the records are exempt from release for other reasons as well.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff's motion be denied in its entirety and that they be permitted to complete their processing of Plaintiff's Modified FOIA Request pursuant to the schedule set forth above.

Dated: July 28, 2017

                      Respectfully submitted,

                      CHANNING D. PHILLIPS, D.C. Bar # 415793
                      United States Attorney for the District of Columbia

                      DANIEL F. VAN HORN, D.C. Bar # 924092
                      Chief, Civil Division

By: */s/ Melanie D. Hendry*
      Melanie D. Hendry
      Assistant United States Attorney
      555 Fourth Street, N.W.
      Washington, D.C. 20530
      (202) 252-2510
      melanie.hendry2@usdoj.gov

OF COUNSEL:

Leisa Schwab, Esq.
Division of General Law
Office of the Solicitor
United States Department of the Interior
1849 C Street, N.W.

8

Washington, D.C. 20240
(202) 208-3051
leisa.schwab@sol.doi.gov

Jonathan Fleshner, Esq.
Assistant General Counsel
Federal Bureau of Investigation
935 Pennsylvania Avenue NW
Washington, D.C. 20535
(202) 324-4964
jonathan.fleshner@ic.fbi.gov